```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SARAH CAVANAUGH,                                                  :
                                                                  :
                            Petitioner,                           :
                                                                  :         25-cv-8169 (LJL)
           -v-                                                    :
                                                                  :         ORDER
WYATT DETENTION CENTER et al.,                                    :
                                                                  :
                            Respondents.                          :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Sarah Jane Cavanaugh filed a Petition for a Writ of Habeas Corpus with the District Court of Rhode Island under 28 U.S.C. § 2241 on August 25, 2025. Dkt. No. 1. At that time, she was incarcerated at the Wyatt Detention Center in Central Falls, Rhode Island, and she named Wyatt Detention Center as the respondent to her Petition. *Id.* On September 12, 2025, the Government, on behalf of the Bureau of Prisons, filed an Opposition to the Petition and a Motion to Dismiss. Dkt. No. 10. The Government attached a declaration of Patrick McFarland, in which he asserted that as the "New York Residential Reentry Manager," he was Petitioner's "custodian." Dkt. No. 10-1. The District Court of Rhode Island ordered that McFarland be substitute as the sole respondent, and transferred the action to this district pursuant to 28 U.S.C. § 1631.

      On October 24, 2025, this Court issued an order requiring the Government to show cause as to why the petition should not be transferred back to the District of Rhode Island. Dkt. No. 20. As explained in that Order, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting

28 U.S.C. § 2241(a)). "Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Id.* (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)); *see also id*. at 443 ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.") *See also Adorno v. Nessinger*, 2025 WL 506576 (S.D.N.Y. Feb. 14, 2025) (finding that transfer of habeas petition of individual incarcerated at Wyatt Detention Center to the Southern District under the theory that McFarland was the proper respondent was incorrect, and that the proper custodian is the warden of Wyatt, Michael Nessinger).

      The Government responded to the Show Cause Order on October 28, 2025. Dkt. No. 24. In its response, the Government determined that "with respect to habeas petitions pursuant to Section 2241, 'it is well settled that in order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian.'" *Id.* at 2 (quoting *Tejada v. Reno*, 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000)). The Government also attached a new declaration from McFarland to its response, in which he explained that on September 23, 2025, Cavanaugh was moved from the Wyatt Detention Center to the satellite prison camp at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Dkt. No. 24-1 ¶ 10. The custodian of FMC Lexington, David Paul, is therefore Petitioner's current custodian. *Id.* ¶ 11. Accordingly, the Government requested that the Court transfer the case to the Eastern District of Kentucky, where FMC Lexington and Warden Paul are located. Dkt. No. 24 at 2. The Government consents to Warden Paul being substituted as respondent, and for the case to be transferred. *Id.* Plaintiff does not oppose the substitution of the respondent or the transfer.

      The Court has determined that the petition should be transferred to the Eastern District of

2

Kentucky, the courts of which now have jurisdiction to entertain the action for habeas corpus. The Clerk of Court is respectfully requested to substitute David Paul for the existing respondents and transfer the case to the United States District Court for the Eastern District of Kentucky. This Order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of a case to the transferee court.

SO ORDERED.

Dated: November 12, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge